# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Joe Hunsinger, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | CA No.: 3:23-cv-1366 |
| v. | § § | Class Action Complaint |
| Smart Start Real Estate Corporation dba Regentology | § § § | Jury Demanded |
| Defendant. | § § | |

## PLAINTIFF JOE HUNSINGER'S CLASS ACTION COMPLAINT

1. **Introduction.**

   1.1. Plaintiff, Joe Hunsinger ("**Plaintiff**"), on behalf of himself and all others similarly situated, brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff also alleges a state court cause of action.

   1.2. Plaintiff's cellular residential telephone number is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public

from these kind of intrusive telemarketing calls. Defendant texted Plaintiff's residential phone twice, was told to "stop" texting him and continued texting him at least 5 more times.

1.3. Because Plaintiff had revoked his consent to receive these text messages from Defendant, these text messages violated the TCPA and the Do Not Call Registry laws and regulations.

## 2. Parties

2.1. Plaintiff is a resident of Dallas, Texas and lives in this District.

2.2. Smart Start Real Estate Corporation dba Regentology ("**Defendant**") is a corporation with an address of 2904 American Eagle Blvd., Woodbridge, VA 22191.

## 3. Venue

3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3.2. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant targets residents of this district with its telemarketing calls and text messages and made calls and texted residents located in this State.

3.3. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claim that they form a single case or controversy.

**4. Article III Standing**

4.1. Plaintiff has Article III standing for his claim under the TCPA. *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021); *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

4.2. Plaintiff was harmed by Defendant's actions of texting his residential phone while his number was on the Do Not Call Registry, without consent in the following manners:

4.2.1.  Plaintiff's privacy was invaded by Defendant;

4.2.2.  Plaintiff was harassed and abused by Defendant's text messages;

4.2.3.  Defendant's text messages were a nuisance to Plaintiff; and

4.2.4.  Plaintiff was inconvenienced by Defendant's text messages, by among other things, having to check and review the nature of the text message.

**5. The National Do Not Call Registry**

5.1. The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to

receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

5.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

5.3. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

5.4. The Federal Communications Commission found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

5.5. These regulations are codified at 47 CFR 64.1200(d)(1)-(7).

5.6. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years

from the time the request is made. 47 CFR § 64.1200(d) (1, 2, 3, 6).

5.7. Additionally, these regulations require a company to provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. 47 CFR 64.1200(d)(4) (emphasis added).

5.8. These policies and procedures prohibit a company from making calls for telemarketing purposes unless they provide the required information. 47 CFR 64.1200(d).

5.9. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has provided the required information on each of the calls.

5.10.    There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013).

5.11. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

5.12.    Although some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

## 6. Spoofing is Illegal

6.1. The regulations enforcing and interpreting the TCPA, also require that any person or entity that engages in telemarketing must transmit caller identification information.[1] 47 C.F.R. § 64.1601(e). This prevents a telemarketer from "spoofing" (using a false identification for their marketing calls) the telephone number from which the telemarketing call is made. Additionally, the regulations require telemarketers to provide the name of the telemarketer when available by the telemarketer's carrier.

---

[1] The information required is: (1) the calling party number, "CPN" or automatic numbering information, "ANI"; and (2) the name of the telemarketer. 47 C.F.R. § 64.1601(e).

6.2. Here, Defendant did not comply with the requirements of 47 C.F.R. **§** 64.1601(e) as it provided incorrect information regarding the number from which the call/text was being made.

7. **Factual Allegations**

7.1. Plaintiff is the owner of and user of the residential cellular telephone number XXX-XXX-0175. Each of the texts referenced below were made to Plaintiff's residential telephone number XXX-XXX-0175. The telephone number XXX-XXX-0175 is a cellular number/network.

7.2. Plaintiff uses the telephone number XXX-XXX-0175 for residential purposes. It is not a business number. It is a personal cell phone that Plaintiff uses for personal, family and household use. Plaintiff relies on his cellular phone to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose. Plaintiff phone number XXX-XXX-0175 is a residential phone.

7.3. Plaintiff registered the telephone number XXX-XXX-0175 on the National Do Not Call Registry on October 17, 2020, and it has remained on the Registry since then.

7.4. In June of 2022, Defendant began texting Plaintiff. The first two text messages received by Plaintiff were from the spoofed telephone number 855-724-1838.  The next three texts received by Plaintiff were from the spoofed telephone number 855-734-1233. These were not the actual numbers from which Defendant was sending the text messages.

7.5. Upon information and belief, Defendant was using a system to send the text messages that allows Defendant to select any outgoing number it chooses to be used as the outgoing caller ID number.

7.6. Plaintiff was located in Texas when he received the text messages from Defendant.

7.7. Plaintiff was not a customer of Defendant and had not given Defendant his permission to text him.

7.8. On June 1, 2022, Plaintiff received an unsolicited telemarketing solicitation text message from Defendant. A screenshot of the text message is reproduced below:

6/1/22, 6:04AM

Hi Joseph, Warner here
from Regentology
real-estate referral
network. We are looking
for active agents. Who
can serve our, intent
verified and
prescreened clients
from your area in
exchange for a 25%
referral fee? There is
absolutely no monthly
or yearly fee of any kind.
We make money if the
leads we give agents
close and actually make
them money! Are you
available to discuss this
further?

7.9. On June 24, 2022, Plaintiff received another text message from Defendant. A copy of all of the text messages between Defendant and Plaintiff is attached as Exhibit A.

7.10.     On July 22, 2022, Plaintiff via reply text message asked to be put on Defendant's internal do-not-call list. Plaintiff also responded to the text message from Defendant with the word "Stop." Yet, the text messages did not stop.

7.11. Plaintiff received more nearly identical text messages from Defendant on:

- November 8, 2022;

- December 7, 2022;

- January 2, 2023; and

- April 11, 2023.

7.12.     The text messages were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to sell Plaintiff its marketing services for real estate agents.

7.13.     The text messages were placed without Plaintiff's prior express written consent and were willful violations of the respective laws.

7.14.     All the text messages were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the text messages.

7.15.     Plaintiff's telephone number was on the National Do Not Call Registry at the time he received the texts.

## 8.  Class Action Allegations

8.1.  As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a class of all other persons or entities similarly situated throughout the United States.

8.2.  The "DNC Class." The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States, from four years prior to the filing of this action through class

certification, whose phone numbers were registered on the National Do Not Call Registry for more than 31 days prior to receiving text messages from, or on behalf of, Defendant, and who, received more than one telemarketing text message within any twelve-month period from, or on behalf of, Defendant.

8.3. The "Policy Class." The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing text messages in a 12-month period, from four years prior to the filing of this action through class certification .

8.4. The "Texas Class." The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as all persons in the state of Texas to whom, since four years prior to the filing of this action through class certification, Defendant sent a text message in violation of 47 U.S.C. § 227 or a regulation adopted under that provision.

8.5. The classes as defined above are identifiable through phone records and phone number databases.

8.6. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business,

and the number of text messages that he received, the automated and mass nature of text messaging campaigns, that the classes are so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

8.7. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing texts, and violations of their statutory rights.

8.8. Plaintiff is a member of the classes.

8.9. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   8.9.1. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls/texts;

   8.9.2. Whether Defendant or its agents, within the four years before the filing of the initial Complaint, made more than one telemarketing text within any twelve-month period to individuals whose telephone numbers had been registered on the Do Not Call Registry for more than 31 days.

8.9.3.  Whether Defendant or its agents, within the four years before the filing of the initial Complaint, continued to send telemarketing text messages after being told to stop.

8.9.4.  Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

8.10.  Plaintiff's claims are typical of the claims of class members.

8.11.  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

8.12.  The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

8.13.  Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents and other third parties.

8.14.      The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

8.15.      Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

9. **Count One: Violation of the TCPA's Do Not Call provisions on behalf of Plaintiff and the DNC Class.**

9.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

9.2. Defendant violated the TCPA by initiating more than one telephone solicitation text messages in a twelve-month period to persons and entities whose telephone numbers were listed on the Do Not Call Registry and who had not consented to receive the text messages. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

9.3. Defendant's violations were negligent or knowing/willful.

9.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

9.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

9.4.2.  That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

9.4.3.  That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

9.4.4.  That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

9.4.5.  That the Plaintiff recover his attorneys' fees and costs.

9.4.6.  That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**10. Count Two: Violation of the TCPA's Internal Do Not Call provisions on behalf of Plaintiff and the Policy Class.**

10.1.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

10.2.    Defendant violated the TCPA by initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry when Defendant did not have a compliant

internal Do Not Call policy.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

10.3.       Defendant's violations were negligent or knowing/willful.

10.4.       Relief Sought: For himself and all class members, Plaintiff requests the following relief:

10.4.1.  That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

10.4.2.  That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

10.4.3.  That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

10.4.4.  That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

10.4.5.  That the Plaintiff recover his attorneys' fees and costs.

10.4.6.  That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

11. **Count Three: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC") on behalf of Plaintiff and the Texas Class.**

11.1. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

11.2.     Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

11.3. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

11.4.     Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

11.5. As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

11.5.1. Defendant texted Plaintiff and did not include in the text a "telephone number or address at which the person or entity may be contacted." 47 CFR 64.1200(d)(4) (emphasis added).

11.5.2. Defendant texted Plaintiff with "spoofed" numbers.

11.6.      Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

11.7.Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendants.

11.8.      Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

11.9.      Relief Sought: For himself and all class members, Plaintiff requests the following relief:

11.9.1.  That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

11.9.2.  That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

11.9.3.  That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

11.9.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

11.9.5. That the Plaintiff recover his attorneys' fees and costs.

11.9.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances

**12. Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By:    _/s/ Chris R. Miltenberger_
       Chris R. Miltenberger
       Texas State Bar Number 14171200

**Designated as Lead Attorney**

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240

Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Attorneys for Plaintiff